**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JERRY HORTON,                      )
                                   )
    Appellant-Defendant,       )
                                   )
      vs.                    )     No. 34A02-1405-CR-375
                                   )
STATE OF INDIANA,                  )
                                   )
    Appellee-Plaintiff.        )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Judge
Cause No. 34D04-1012-FC-174

**December 12, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jerry Horton appeals the sentence imposed following the revocation of his probation. We dismiss.

**Issue**

Horton raises one issue, which we restate as whether the trial court properly revoked his probation after it declined his request for good time credit for time served on in-home detention.

**Facts**

In December 2010, Horton was charged with Class C felony intimidation, Class D felony criminal recklessness, Class D felony pointing a firearm, Class D felony possession of marijuana, and Class B misdemeanor visiting a common nuisance. In March 2011, Horton agreed to plead guilty to Class D felony criminal recklessness and Class A misdemeanor possession of marijuana, and the remaining charges were dismissed. On the criminal recklessness charge, the plea agreement called for Horton to be sentenced to three years, with two years suspended to in-home detention and one year suspended to probation. On the marijuana charge, the plea agreement called for a one-year sentence suspended to supervised probation. The sentences were to run concurrently. On April 11, 2011, the trial court sentenced Horton in accordance with the terms of the plea agreement.

On February 8, 2013, Horton was released from in-home detention and directed to report to probation upon his release. Horton did not report to probation until August 23, 2013, and was told to report back for a scheduled check on August 28, 2013. Horton

2

failed to report for the scheduled check, and a petition to revoke his probation was filed. Pursuant to an agreement, Horton admitted to the violation and his probation was extended by the portion it had been tolled from September 9, 2013 to October 17, 2013.

On November 19, 2013, Horton again failed to report to probation as ordered, and another petition to revoke his probation was filed. On March 28, 2014, Horton admitted to the allegation. On May 16, 2014, the trial court revoked Horton's probation and ordered him to serve the balance of his suspended sentence. On June 5, 2014, the trial court issued an amended sentencing order ordering him to serve the balance of his one-year suspended sentence and awarding him credit for twenty-nine days actually served and credit for an in-home detention overage of sixteen days. Horton now appeals.

**Analysis**

On appeal, Horton argues that he was wrongly denied good time credit for the 685 days he served on in-home detention from 2011 to 2013. Horton contends that, when the petition to revoke his probation was filed, he had already served 1,418 days of a 1,095 sentence. He argues that he should be immediately released and that his sentence on the probation revocation should be vacated.

The State responds by arguing that the issue is moot because Horton has already served the sentence.

> "[W]here the principal questions at issue cease to be of real controversy between the parties, the errors assigned become moot questions and this court will not retain jurisdiction to decide them. Stated differently, when we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination where absolutely no change in the status quo will result."

3

Bell v. State, 1 N.E.3d 190, 192 (Ind. Ct. App. 2013) (quoting Jones v. State, 847 N.E.2d 190, 200 (Ind. Ct. App. 2006) (citations and quotations omitted), trans. denied).

According to the State, the trial court reduced Horton's one-year sentence by twenty-nine days for time served, twenty-nine days for credit time, and sixteen days for the in-home detention overage, a total of seventy-four days. Horton's remaining sentence was 291 days. When taking into account his Class I credit time status, Horton was required to serve 145 days beginning on May 16, 2014. Thus, by the State's calculation, Horton was released on October 8, 2014. Because Horton has not filed a reply brief responding to this argument, we have no reason to believe that the State's calculation is incorrect or that Horton has not served the balance of his sentence. As such, his challenge to the sentence imposed following the revocation of his probation is moot, and we dismiss his appeal.

## Conclusion

Because Horton has served his sentence, his challenge to the sentence imposed upon the revocation of his probation is moot. We dismiss.

Dismissed.

MAY, J., and PYLE, J., concur.